*[handwritten: Parties Added / Amended Summons Issued]*

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
TRUSTEES OF THE BRICKLAYERS AND ALLIED
CRAFTWORKERS, LOCAL 5 NEW YORK                    AMENDED COMPLAINT
RETIREMENT, WELFARE, LABOR MANAGEMENT
COALITION and APPRENTICE TRAINING AND              07 CIV 9634 (KMK)(LMS)
JOURNEYMEN UPGRADING FUNDS, and
BRICKLAYERS AND ALLIED CRAFTWORKERS
LOCAL 5 NEW YORK,

                              Plaintiffs,

        - against -

GEMINI CONTRACTING, INC. and
JOSEPH P. BERNABO, Individually, and
INTERNATIONAL FIDELITY INSURANCE
COMPANY (as surety for F.C. & C.
CONSTRUCTION ENTERPRISES, INC.),

                              Defendants.
-----------------------------------------------------------------X
```

Plaintiffs, by their attorneys, Gellert & Klein, P.C., for their Complaint, respectfully allege:

1.  This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and §301 Labor Management Relations Act (LMRA), 29 U.S.C. §185 to:

    (a) recover delinquent contributions owed to employee fringe benefit trust Funds and dues owed to the Union;

    (b) audit the books and records of defendants; and

    (c) obtain an injunction compelling defendants' compliance with a collective bargaining agreement.

## JURISDICTION

2. The subject matter jurisdiction of this Court is invoked pursuant to §502 and §515 of ERISA, 29 U.S.C. §1132, §1145 and §301 LMRA, 29 U.S.C. §185.

3. A copy of the Complaint herein is being served on the Secretary of Labor at 200 Constitution Avenue N.W., Washington, D.C., 20212 and the Secretary of the Treasury at 15th and Pennsylvania Avenue, Washington, D.C., 20220 by certified mail as required by §502 (h) of ERISA, 29 U.S.C. §1132 (h).

## VENUE

4. This Court is one of proper venue, pursuant to §502 (e) (2) of ERISA, 29 U.S.C. §1132 (e) (2) and §301 LMRA, 29 U.S.C. §185 because the Funds are administered and maintain a principal place of business at Poughkeepsie, New York.

## THE PARTIES

5. The Trustee plaintiffs are the trustees of the Bricklayers and Allied Craftworkers Local 5, New York Retirement, Welfare, Labor Management Coalition and Apprentice Training and Journeymen Upgrading Funds ("Funds") which are affiliated with the Bricklayers and Allied Craftworkers Local 5, New York ("Union"). The Trustees are fiduciaries within the meaning of §3 (21) of ERISA, 29 U.S.C. §1002 (21).

6. The Welfare, Labor Management Coalition and Apprentice Training and Journeymen Upgrading Funds are employee welfare benefit plans within the meaning of §3(1) of ERISA, 29 U.S.C. §1002 (1), established for the purpose of providing medical and other benefits to the employees of contributing employers.

7. The Retirement Fund is an employee pension benefit plan within the meaning of §3 (2) of ERISA, 29 U.S.C. §1002 (2), established for the purpose of providing pension benefits to the employees of contributing employers.

8. The Funds constitute multi-employer employee benefit plans within the meaning of §3 (3) and (37) of ERISA, 29 U.S.C. §1002 (3) and (37).

9. The plaintiff Union is a labor organization within the meaning of §2(5) LMRA, 29 U.S.C. §152 (5).

10. Upon information and belief, defendant Gemini Contracting, Inc., (hereinafter "Gemini" or the "corporate defendant") is a corporation incorporated under the laws of the State of New York with its principal place of business at Newburgh, New York.

11. Upon information and belief, the individual defendant Joseph P. Bernabo (hereinafter "Bernabo" or the "individual defendant") is an employer within the meaning of both §3(5) of ERISA, 29 U.S.C. §1002(5) and §2(2) LMRA, 29 U.S.C. §152(2).

12. Upon information and belief, the individual defendant is the President and the largest shareholder of the corporate defendant.

13. Upon information and belief, the individual defendant is among the ten (10) largest shareholders of the corporate defendant.

## FIRST CLAIM (CORPORATION UNDER §515 OF ERISA)

14. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

15. At all relevant times, the corporate defendant was party to a collective bargaining agreement (CBA) with the Union. Under the terms of the CBA, the corporate defendant was and is obligated to file employment reports and make contributions to the Funds for all hours worked by its employees in covered employment.

16. Despite repeated efforts by the Funds to collect the contributions owed, the corporate defendant remains delinquent in its contributions.

17. Upon information and belief, the corporate defendant has failed to make its contractually required contributions to the Funds and dues to the Union, for the period January 1, 2008-January 15, 2008 and the total amount currently owed by the corporate defendant is estimated to be $21,397.99. The precise figure cannot be determined because the corporate defendant has failed to submit the required accurate employment reports for those months in which it was required to make contributions under the CBA and §209 of ERISA, 29 U.S.C. §1059.

18. Upon information and belief the corporate defendant has paid no part of the contributions it owes the Funds and dues owed to the Union for this period. It is anticipated that the delinquency may grow during the pendency of this action if the corporate defendant fails to remit contributions as they become due.

### SECOND CLAIM (INDIVIDUAL AS AN EMPLOYER UNDER ERISA)

19. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

20. As an employer, as such term is defined by ERISA, and upon information and belief, having disregarded the corporate form, undercapitalized the corporate defendant, mixed corporate and personal assets and having engaged in actions, inactions, misuse of assets and improprieties all of which have left the corporate defendant with insufficient assets with which to pay the contributions owed to the Funds, the individual defendant may be held jointly and severally liable with the corporate defendant for the delinquent contributions owed to the Funds and Union.

### THIRD CLAIM (INDIVIDUAL FIDUCIARY LIABILITY UNDER ERISA)

21. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

22. Pursuant to the CBA, the corporate defendant was obligated to deduct contributions owed to the Funds and dues owed to the Union from its employees' pay and promptly remit such contributions to the Funds and Union.

23. The contributions and dues so deducted from the employees' pay constitute plan assets of plaintiff Funds and Union.

24. Upon information and belief, such contributions and dues which were deducted from the employees' pay were not remitted to the Funds and Union.

25. Upon information and belief, such contributions and dues were deposited to the corporate defendant's general accounts thereby co-mingling such plan assets with the corporate defendant's general assets.

26. Upon information and belief, the individual defendant made the decision to so co-mingle and use said plan assets and dues to pay the corporate defendant's general creditors instead of remitting the same to the Funds and Union.

27. Upon information and belief, the corporate defendant used said plan assets and dues to pay creditors of the corporate defendant rather than remitting said plan assets and dues to the Funds and Union.

28. Upon information and belief the individual defendant made the decisions about which of the corporate defendant's creditors to pay out of its general account.

29. Upon information and belief the individual defendant determined which of the corporate defendant's creditors would be paid and in what order.

30. Upon information and belief the individual defendant failed to segregate the contributions and dues owed to the plaintiff Funds and Union and remit the same to the Funds and Union on a timely basis with the required reports.

31. Upon information and belief, the individual defendant did thereby exercise authority and control respecting the disposition of plan assets of the Funds and dues owed to the Union and the individual defendant thereby acted as a fiduciary with respect to the Funds and Union for purposes of imposing personal liability under ERISA.

### FOURTH CLAIM (UNDER LMRA)

32. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

33. At all relevant times, the corporate defendant was party to a CBA with the Union which agreement covers employees in an industry affecting commerce as defined in the LMRA. Under the terms of the agreement, the corporate defendant was and is obligated to make and file employment reports, pay wages to its employees and make contributions to the Funds..

34. Despite repeated efforts by the Union to collect the dues and contributions owed, all defendants remain delinquent and thereby are in breach and violation of the CBA.

### FIFTH CLAIM (INDIVIDUALS AS EMPLOYERS UNDER LMRA)

35. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

36. As employers within the meaning of §2(2) LMRA, the defendants may each be held jointly and severally liable for the dues and delinquent contributions owed pursuant to the CBA.

### SIXTH CLAIM (FEDERAL COMMON LAW CONVERSION)

37. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

38. Upon information and belief, the individual defendant exercised unauthorized dominion and control over said contributions and dues and interfered with the Funds' and the Union's legal title and superior right to possession of the deducted contributions and dues.

39. The defendants were obligated to pay the deducted contributions and dues to the Funds and Union.

40. Upon information and belief, the individual defendant exercised dominion and control over the deducted contributions and dues in a manner inconsistent with the rights of the Funds and the Union.

41. Upon information and belief, the individual defendant also used the withheld contributions to pay the corporate defendant's general creditors rather than forwarding those monies to the Funds and Union as required by the collective bargaining agreement.

42. The individual defendant is therefore personally liable for such conversion of the deducted contributions and dues owed to the Funds and Union.

## SEVENTH CLAIM (AUDIT)

43. Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

44. Under the terms of the CBA, LMRA and ERISA, an employer is required to make payments to the Funds and the Union based on an agreed sum or percentage for each man-hour of its hourly payroll worked or wages paid in covered employment, and to accurately report such man-hours and wages to the Funds and the Union.

45. Under the terms of the Funds' By-Laws, Declaration of Trust, Collective Bargaining Agreement, State and Federal Common Law, LMRA and ERISA, plaintiffs are entitled to audit defendants' books and records.

46.  Upon information and belief, the defendants have not been reporting, and may be under-reporting, the number of employees, the number of man-hours and wages paid to its employees and contributions and dues due.

47.  The Funds have made due demand upon the defendants for an audit of the defendants' books and records. This demand has been and continues to be ignored.

## EIGHTH CLAIM (INJUNCTION)

48.  Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

49.  Upon information and belief, the defendants may continue the failure to file employment reports and remit contributions and dues as they become due under the terms of the collective bargaining agreement.

50.  The Funds and Union are thereby threatened with immediate irreparable harm by the defendants' continued failure to file employment reports and remit such contributions and dues as they become due as the defendants, during the pendency of this action, may become insolvent, judgment proof or otherwise unable to pay and the Funds and Union will be deprived of necessary income to sustain operations and information necessary to determine participants' eligibility for benefits.

## NINTH CLAIM (PAYMENT BOND)

51.  Plaintiffs repeat and reallege the allegations contained in the preceding paragraphs in their entirety.

52.  Upon information and belief, defendant the International Fidelity Insurance Company (hereinafter "International") is a corporation organized and existing pursuant to the laws of the State of New Jersey and licensed to do business in the State of New York.

53. Upon information and belief on or about May 7, 2007, F.C. & C. Construction Enterprises, Inc., (hereinafter "FC&C) as general contractor, entered into a contract with the Department of Correctional Services, State of New York to Rehabilitate Facade, Building No. 21-2, Fishkill CF, Prospect Street, P.O. Box 307, Beacon, New York, Project No. M2540C dated March 14, 2007.

54. Upon information and belief, said contract provides that payments would be made by the State of New York to FC&C for work performed and materials furnished under said contract as the work progressed.

55. Upon information and belief, pursuant to the contract, FC&C agreed to pay all claims of laborers and material suppliers arising out of the contract and for labor and materials furnished in performance and completion of the said contract.

56. Upon information and belief, pursuant to the contract FC&C agreed to, and did furnish an undertaking pursuant to State Finance Law section 137 conditioned on the payment of all claims of material suppliers and laborers arising out of the contract and for labor and materials furnished in its performance and completion. It was agreed that the bond or undertaking would further provide that all laborers and material suppliers should have a direct right of action thereon.

57. Upon information and belief, on or about May 7, 2007, F.C. & C. , as principal, and International, as surety, for valuable consideration, executed and furnished to the Department of Correctional Services the undertaking required by said contract in the sum of $1,660,000 as and for its labor and material payment bond pursuant to section 137 of the State Finance Law of the State of New York, being Bond #0413085.

58. Masons represented by the Union and participating in the plaintiff-Funds, at the request of Gemini, furnished labor for such project. The agreed and reasonable value of the labor supplied which remains unpaid is approximately $21,397.99.

59. The said labor was furnished in connection with the construction and erection of the said public improvement by FC&C in the performance and completion of the said contract and was part of the labor required to be furnished by FC&C pursuant to the terms of the said contract.

60. The said labor was employed, accepted and approved by FC&C and the Department of Correctional Services.

61. Upon information and belief, no part of the claim of plaintiffs has been paid and there is now due and owing to plaintiffs the sum of approximately $21,397.99 with interest.

62. More than ninety (90) days have passed and all or some said sum remains due and unpaid.

63. No part of said sum has been paid despite due notice thereof by plaintiffs.

64. This action is commenced within one (1) year from the date when the final payment became due to the plaintiff.

65. The Funds have no adequate remedy at law.

WHEREFORE, plaintiffs respectfully request the following:

    (a) Judgment on this claim in favor of the plaintiffs against defendants Gemini Contracting, Inc., and Joseph P. Bernabo jointly and severally in the amount of contributions and dues owing of $,21,397.99 plus any additional monies that may be determined to become justly due and owing to the Funds and Union during the pendency of this action and before final judgment; plus

(b) Prejudgment interest, computed at the plan rate or applicable United States Treasury rate from the date on which the first payment was due, being seven (7) days after the start of the period as stated above on the total amount owed by defendants;;

(c) Penalty interest or liquidated damages;

(d) Plaintiffs' attorneys' fees, auditor's fees, costs and disbursements;

(e) An order requiring defendants to submit all books and records to plaintiffs for audit at defendants' cost;

(f) A preliminary injunction requiring defendants to submit timely reports and make timely contributions to the plaintiff Funds and Union as they become due under the terms of and for the duration of the collective bargaining agreement;

(g) A mandatory injunction (1) requiring defendants to submit timely reports and make timely contributions to the plaintiff Funds and Union as they become due under the terms of and for the duration of the collective bargaining agreement; (2) enjoining the defendants from violating the terms of the CBA by failing to make timely contributions to the Funds and Union; (3) directing the defendants to pay all delinquent contributions to the Funds and Union and to resume making the contributions on a timely basis; (4) prohibiting the defendants from performing any masonry work (as defined by the CBA) in the geographic jurisdiction of the Union until they have complied with (1), (2), (3) above;

(h) Judgment against defendant International Fidelity Insurance Company in the sum of $21,397.99 together with plaintiffs' attorneys' fees, interest and the costs and disbursements of this action; and

(i) Such other and further relief as the Court may deem just and proper.

Dated: April 23 2008

GELLERT & KLEIN, P.C.

By: _____
STEPHEN E. EHLERS (SE 3094)
Attorneys for Plaintiffs
75 Washington Street
Poughkeepsie, NY 12601
(845) 454-3250